UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ROBINSON BERMUDEZ,                                    AMENDED COMPLAINT

                   Plaintiff,

                                                                           15 CV 3240 (KAM) RLM)

-versus-

CITY OF NEW YORK, LIEUTENANT MICHAEL        Plaintiff demands Trial By Jury.
EDMONDS, SERGEANT JONATHAN PEYER,
POLICE OFFICER MATTHEW HYNES, POLICE
OFFICER CHRISTOPHER DISTEFANO and
POLICE OFFICER NICHOLAS RUIZ,

                   Defendants.
-----------------------------------------------------------------------X

        Plaintiff complaining of the defendants by his attorneys, TUMELTY &

SPIER, LLP, hereby allege, upon information and belief, as follows:

### PREAMBLE

        1.     This is an action to redress the deprivation by the defendants of the rights secured to the plaintiff by the Constitution and laws of the United States and the State of New York.

        2.     Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3), and 1367(a) of Title 28, United States Code and pursuant to Sections 1983 and 1988 of Title 42, United States Code.

3. Venue is placed in the Eastern District of New York because it is the District where the Plaintiff resided at the time of the occurrence s and is where the claimed acts and omissions occurred.

## THE PARTIES

4. The plaintiff was and still is an adult resident of the State of New York.

5. The Defendant CITY OF NEW YORK ( hereafter "CITY") was and is a municipal corporation formed and existing under the laws of the State of New York.

6. That Defendant CITY maintained, operated and controlled the New York City Police Department ( "NYPD") and hired police officers, sergeants and lieutenants and other persons to work in that department.

7. The defendant LIEUTENANT MICHAEL EDMONDS, employed by the New York Police Department, ( hereafter "LT. EDMONDS") is an adult resident of the State of New York.

8. That LT EDMONDS, upon information and belief, was assigned to the 102nd police precinct at al times herein mentioned.

9. At all relevant times P.O. LIEUTENANT MICHAEL EDMONDS was employed as a New York City Police Officer and was employed by the City of New York.

10. At all relevant times P.O. LIEUTENANT MICHAEL EDMONDS was assigned to a marked patrol car within the confines of the 102nd police precinct.

11. At all relevant times hereinafter mentioned, the defendant LT. EDMONDS was and is an employee of the CITY OF NEW YORK.

2

12. That at all times hereinafter mentioned, defendant LT. EDMONDS was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

13. Defendant LT. EDMONDS is sued only in his individual capacity.

14. At all times hereinafter mentioned, defendant LT. EDMONDS was acting under color of law, to wit: the laws of the State of New York and City of New York.

15. The defendant P.O. SGT. JONATHAN PEYER is an adult resident of the State of New York.

16. That SGT. JONATHAN PEYER, (hereafter "SGT. PEYER"), upon information and belief, was assigned to the 102nd police precinct at all times mentioned herein.

17. At all relevant times SGT. PEYER was employed as a New York City Police Officer and was employed by the City of New York.

18. At all relevant times SGT. PEYER was working as a partner and or under the supervision of LIEUTENANT MICHAEL EDMONDS at all times mentioned herein.

19. At all relevant times hereinafter mentioned, the defendant SGT. PEYER was and is an employee of the CITY OF NEW YORK.

20. That at all times hereinafter mentioned, defendant SGT. PEYER was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

21. Defendant P.O. SGT. PEYER is sued only in his individual capacity.

22. At all times hereinafter mentioned, defendant SGT. PEYER was acting under color of law, to wit: the laws of the State of New York and City of New York.

23. The defendant POLICE OFFICER MATTHEW HYNES is an adult resident of the State of New York.

24. That POLICE OFFICER MATTHEW HYNES, (hereafter "P.O. HYNES"), upon information and belief, was assigned to the 102nd police precinct at all times mentioned herein.

25. At all relevant times P.O. HYNES was employed as a New York City Police Officer and was employed by the City of New York.

26. At all relevant times P.O. HYNES was working as a partner and or under the supervision of LIEUTENANT MICHAEL EDMONDS and the other named co-defendants at all times mentioned herein.

27. At all relevant times hereinafter mentioned, the defendant P.O. HYNES was and is an employee of the CITY OF NEW YORK.

28. That at all times hereinafter mentioned, defendant P.O. HYNES was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

29. Defendant P.O. HYNES is sued only in his individual capacity.

30. At all times hereinafter mentioned, defendant P.O. HYNES was acting under color of law, to wit: the laws of the State of New York and City of New York.

31. The defendant POLICE OFFCIER CHRISTOPHER DISTEFANO is an adult resident of the State of New York.

32. That POLICE OFFICER CHRISTOPHER DISTEFANO, (hereafter "P.O. DISTEFANO"), upon information and belief, was assigned to the 102nd police precinct at all times mentioned herein.

4

33. At all relevant times P.O. DISTEFANO was employed as a New York City Police Officer and was employed by the City of New York.

34. At all relevant times P.O. DISTEFANO was working as a partner and or under the supervision of LIEUTENANT MICHAEL EDMONDS and the other named co-defendants at all times mentioned herein.

35. At all relevant times hereinafter mentioned, the defendant P.O. DISTEFANO was and is an employee of the CITY OF NEW YORK.

36. That at all times hereinafter mentioned, defendant P.O. DISTEFANO was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

37. Defendant P.O. DISTEFANO is sued only in his individual capacity.

38. At all times hereinafter mentioned, defendant P.O. DISTEFANO was acting under color of law, to wit: the laws of the State of New York and City of New York.

39. The defendant POLICE OFFCIER NICHOLAS RUIZ is an adult resident of the State of New York.

40. That POLICE OFFICER NICHOLAS RUIZ , (hereafter "P.O. RUIZ" ), upon information and belief, was assigned to the 102nd police precinct at all times mentioned herein.

41. At all relevant times P.O. RUIZ was employed as a New York City Police Officer and was employed by the City of New York.

42. At all relevant times P.O. RUIZ was working as a partner and or under the supervision of LIEUTENANT MICHAEL EDMONDS and the other named co-defendants at all times mentioned herein.

5

43. At all relevant times hereinafter mentioned, the defendant P.O. RUIZ was and is an employee of the CITY OF NEW YORK.

44. That at all times hereinafter mentioned, defendant P.O. RUIZ was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

45. Defendant P.O. RUIZ is sued only in his individual capacity.

46. At all times hereinafter mentioned, defendant P.O. RUIZ was acting under color of law, to wit: the laws of the State of New York and City of New York.

47. At all times mentioned in this Complaint, the individual defendants acted jointly and in concert with one another. Each defendant had the duty and the opportunity to protect the Plaintiff from the unlawful actions of the other defendants, namely the excessive force in violation of Plaintiff's civil rights, but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries.

## AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS (§1983).

48. On March 1, 2015 at approximately 2:30 am Plaintiff was arrested by members of the NYPD and by the individual Defendants named herein, in Queens County, New York.

49. That Plaintiff was subdued as part of that arrest and was compliant with the arrest process.

50. That the Individually named officers struck, kicked, punched and beat Plaintiff about the body with their hands, feet, and a weapon known as an ASP device, in his head

6

body and torso in an unreasonable and excessive manner without justification and when Plaintiff had already submitted to the arrest.

51. That the unlawful assault took place before during and after Plaintiff was handcuffed.

52. That due to the assault Plaintiff sustained injuries to his head and body which required medical attention and which Plaintiff continues to sustain residual pain suffering and impairment.

53. That defendants prepared reports and documents which did not accurately describe the arrest of Plaintiff and which were created to cover up their illegal and unconstitutional acts.

54. That Defendants superiors ratified the unlawful actions of the Defendants.

55. That Defendant CITY of NEW YORK caused allowed and permitted the unlawful acts to occur and condoned and ratified this policy and practice by the New York Police Department.

56. That the above acts and omissions deprived Plaintiff of his civil rights under the United States Constitution and New York State Constitution.

57. There was no legal justification or excuse for the excessive force used against Plaintiff by the Defendants.

58. As the result of the foregoing, plaintiff feared for his personal safety, was humiliated and embarrassed, suffered from shock and personal injuries and damages.

59. The acts of the aforesaid defendants violated the rights granted to Plaintiff pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. As such, Plaintiff seeks relief pursuant to 42 U.S.C. '1983.

60. The acts of the aforesaid defendants violated the rights granted to the plaintiff pursuant to Article 1, '12 of the New York State Constitution and the common law of the State of New York. As such, plaintiff seeks relief against the defendants. This Court has jurisdiction over this claim pursuant to its supplementary jurisdiction granted pursuant to 28 U.S.C. '1367(a).

## ARTICLE 16 IS INAPPLICABLE TO INSTANT ACTION

61. The provisions of Article 16 to the CPLR of the State of New York do not apply to the instant action.

62. The defendants acted with intent.

63. The defendants acted knowingly or intentionally, jointly, in concert, and in a conspiracy to "cover-up" the unlawful acts of the defendants and to otherwise deprive plaintiff of due process of law, to cause the acts or failures upon which liability is based.

**WHEREFORE,** Plaintiff demands judgment against the defendants as follows:

(I) Compensatory damages in an amount that is just, reasonable, and fair;

(ii) Punitive damages, against the individual defendants, in an amount that is just, reasonable, and fair;

(iii) Attorneys' fees and the costs of this action;

8

(iv)   Such other relief as is fair, just, or equitable.

Dated: New York, New York
       October 19, 2016

BY: _____
John Tumelty, Esq.
Tumelty & Spier, LLP
Attorneys for Plaintiff
160 Broadway, Suite 708
New York, New York 10038
(212) 566-4681
Fax (212) 566-4749
e-mail johntslaw@aol.com